## WATT ROBBINS

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 18, 1880.*

1. CRIMINAL LAW—*former conviction under another jurisdiction.* Where an ordinance of a city, which prohibits the keeping of a gaming house, prescribes as the penalty for the offence a fine of $25, a conviction under the ordinance will not operate as a bar to a subsequent prosecution by indictment for the same offence, for the reason that the penalty imposed by the ordinance is very much less than that prescribed in the statute. While effect has been allowed to ordinances which imposed greater penalties than those prescribed by the general law of the State for the same offence, that will not be done where an ordinance imposes a lesser penalty than the statute.

2. EVIDENCE—*one fact inferred from proof of another.* It is not always necessary that every fact essential to sustain a finding shall be testified to by witnesses. Evidence of a fact may be derived from inference, although there be no positive statement of its existence. Jurors bring to bear upon testimony their common observation and general knowledge, and in the light thereof, and as men conversant with affairs, they pass upon the evidence in a

case, drawing the inferences from it, which, as such judges of the facts, they properly may do.

3.  So, under an indictment for keeping " a common gaming house," it was proven that the defendant was seen frequently in certain rooms and was there dealing the cards at the game of faro; that the rooms were kept and used as common gambling rooms, in which were the implements of gambling, and that the rooms were fitted up for gambling rooms. It was also proven that the defendant had charge of the rooms, and whenever any questions arose about the games being played there, all disputes were referred to him for settlement. It was *held,* if it were necessary to a conviction that it should appear there was gambling in the rooms "for money or other valuable thing," that fact might be inferred from the other facts proven, without being itself established directly by the testimony of witnesses.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. E. G. ASAY, and Mr. W. L. HIRST, for the plaintiff in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an indictment, in the Criminal Court of Cook county, for keeping "a common gaming house" in the city of Chicago. The defendant was tried and found guilty, and the court, after overruling a motion for a new trial, rendered judgment upon the verdict for $200, fine and the costs, to reverse which defendant sued out this writ of error.

The court below sustained a demurrer to a plea of former conviction filed by the defendant, and the sustaining of that demurrer is assigned for error.

The plea set up an ordinance of the city of Chicago, which was as follows: "If any person or persons shall keep a disorderly or gaming house, such person or persons shall, for each and every offence, forfeit and pay a penalty of $25; and also the further penalty of $25 for every forty-eight hours during which such person or persons shall continue to keep the same after the first conviction, for any further violation of this section;" and averred, in substance, that theretofore, under said ordinance, the defendant, before a justice of the

peace in the city of Chicago, was charged with keeping a gaming house, at the suit of the city of Chicago, and was tried and found guilty by the justice, and that thereupon the justice of the peace rendered judgment against the defendant, in favor of the city of Chicago, for $25 and costs, which judgment still remained in force, and was for the same keeping of a gaming house for which he was then indicted.

The statute under which the indictment was found is as follows: "Whoever keeps a common gaming house, or in any building, booth, yard, garden, boat or float, by him or his agent used and occupied, procures or permits any persons to frequent, or to come together to play for money or other valuable thing, at any game, or keeps or suffers to be kept any tables or other apparatus for the purpose of playing at any game or sport for money or any other valuable thing, or knowingly rents any such place for such purposes, shall, upon conviction, for the first offence be fined not less than $100, and for the second offence be fined not less than $500 and be confined in the county jail not less than six months, and for the third offence shall be fined not less than $500 and be imprisoned in the penitentiary not less than two years nor more than five years."

It will thus be seen that the penalty prescribed by the ordinance for keeping a gaming house is much less than that denounced by the statute against the offence. The ordinance has been satisfied by a fine of $25, but that comes quite short of satisfying the statute. The statute is paramount, and the full measure of punishment which it prescribes must obtain. To sustain this plea would conflict with the statute, and detract from its force.

We can not allow that a city has power, through an ordinance, to repeal or essentially modify a statute.

The latter would be the result here, were this plea to be admitted as a defence. The effect would be a material abridgement of the punishment which the statute imposes for the commission of a criminal offence.

12—95 ILL.

Upon the subject that when an act constitutes two separate offences under two different jurisdictions, it may be punishable under each jurisdiction, see *Wragg* v. *Penn Township*, 94 Ill. 11.

We find no error in sustaining the demurrer to the plea.

It is further urged, that the verdict was manifestly against the evidence.

All the testimony in the case was that of two witnesses, one of whom testified that in the September and winter previous he saw the defendant in certain rooms in Chicago; that witness was there three or four times, and saw the defendant dealing the cards at the game of faro; that the rooms were kept and used as common gambling rooms; that defendant had charge of the rooms, and whenever any questions arose about the games being played there, all disputes were referred to the defendant for settlement. The other witness testified to seeing the defendant once in the rooms in question during the preceding winter; that at that time he saw the defendant dealing the cards at a game of faro; that there were in the rooms the implements of gambling, and that the rooms were fitted up for gambling rooms.

The counsel for plaintiff in error quote from writers on criminal law the definition of gaming houses as "houses kept for the purpose of permitting persons to gamble for money or other valuable thing," and takes the objection to the evidence, that it does not show there was any gambling "for money or other valuable thing."

It is true, that neither one of the witnesses does so state, in so many words; but that was not necessary. Evidence of a fact may be derived from inference, although there be no positive statement of its existence. Jurors bring to bear upon testimony their common observation and general knowledge, and in the light thereof, and as men conversant with affairs, they pass upon the evidence in the case, drawing the inferences from it, which, as such judges of the facts, they properly may do.

It can hardly be said, we think, that from the testimony which appears here, the jury might not properly draw the inference that there was gambling for money or other valuable thing carried on in these rooms. Besides, this is an indictment for keeping a gaming house simply, without more, and the witness testified that the rooms in question were kept and used as common gambling rooms. There is no objection whatever to this testimony. It was, then, in the case for the jury to weigh with the other evidence, as sustaining the charge of keeping a gaming house.

We are unable to say that, from the evidence in this case, the jury were not warranted in finding the defendant guilty of keeping a gaming house.

The judgment must be affirmed.

*Judgment affirmed.*