(No. 20860.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD SEMMLER, Plaintiff in Error.

*Opinion filed October 23, 1931.*

COHEN & BERKE, (BENJAMIN E. COHEN, and MAYER GOLDBERG, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and J. J. NEIGER, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Plaintiff in error was found guilty in the municipal court of Chicago of violating the act prohibiting book-making and pool-selling and a fine of $50 was assessed against him. The judgment was affirmed by the Appellate Court for the First District, and he brings the cause here on writ of error, contending that the Appellate Court erred in refusing to reverse the judgment for errors there assigned. Those errors are urged here, and are, that the information did not charge an offense, and that the evidence was not sufficient to warrant the finding of the judgment.

The information charged that plaintiff in error on the 16th day of August, 1930, "did willfully and wrongfully

keep a certain room of the premises then and there known as 128 South Canal street, within the city of Chicago, county of Cook and State of Illinois, with a certain book, and instrument known as a book, said book then and there being kept for the purposes of registering bets and wagers upon the result and test of speed of a beast, to-wit, a horse."

Plaintiff in error's counsel, in support of their claim of insufficiency of the information, point out that the act on which this action is based, and which is entitled "An act to prohibit book-making and pool-selling," approved May 31, 1887, (Smith's Stat. 1929, p. 1012,) contains a proviso stating that the act shall not apply to the actual enclosures of fair or race-track associations that are incorporated under the laws of this State, during the actual time of the meetings of said associations or within twenty-four hours before such meetings, and they argue that as the information does not negative this exception it does not charge a crime. They invoke the well established rule that where exceptions are embraced in the enacting clause creating the offense so as to be descriptive of it the People must allege in the charge and prove on the trial that the defendant does not come within such exceptions. That rule is to be applied in cases where the exceptions embraced in the enacting clause are descriptive of the crime prohibited. Where the exceptions or proviso is in a subsequent clause, or in the same clause but not incorporated within the enacting clause by words of reference, it need not be negatived but is a matter of defense. (*People* v. *Montgomery,* 271 Ill. 580; *Sokel* v. *People,* 212 id. 238; *Swigart* v. *People,* 154 id. 284; *Beasley* v. *People,* 89 id. 571.) It is only where the exception is as to a necessary ingredient of the crime that it is necessary that a negative averment be included in the charge. (*People* v. *Talbot,* 322 Ill. 416; *People* v. *Barnes,* 314 id. 140; *People* v. *Martin,* 314 id. 110.) The proviso in the instant case has to do only with circumstances under which the act itself,

in all its parts, does not apply and has nothing to do with the description of the crime. It was not necessary to incorporate in the information a negative averment concerning it.

It is next argued that the information is defective in that it does not charge that the plaintiff in error kept a book for illegal purposes. The information substantially follows the language of the statute, which is in this case that "any person who keeps any room * * * or any part thereof * * * with any book, instrument or device for the purpose of recording or registering bets or wagers," is guilty of the offense prohibited. Where an information charges the offense in the words of the statute which particularly describe the offense, so that by their use alone the defendant is notified with reasonable certainty of the offense with which he is charged, the information is sufficient. (*People* v. *St. Clair,* 244 Ill. 444; *People* v. *Scattura,* 238 id. 313.) The information sufficiently charged an offense and the trial court did not err in overruling the motion to quash it.

It is argued in support of plaintiff in error's second contention that the evidence was insufficient to show that the plaintiff in error had charge and control of the premises, and so failed to show that he kept the room. The statute provides punishment for those who keep a room with a book or device for purpose of recording or registering bets or wagers. The evidence of the People consisted of the testimony of George Crosoli and William V. Blaul, police officers, and certain exhibits seized by Blaul at the time of the arrest of plaintiff in error. Plaintiff in error did not testify and offered no evidence on the trial. Crosoli's testimony was that he met a man in front of the premises at 128 South Canal street who led him into and through a barber shop and into a rear room; that he saw plaintiff in error seated behind a desk; that he saw some "hard sheets," or sheets of cardboard, on the top of that

desk; that the witness told plaintiff in error he had two dollars which he wished to bet on horse No. 147; that he afterwards changed his mind and said he wanted to bet on Calome, horse No. 148, and that plaintiff in error took the two dollars and entered a notation on a piece of paper, together with the witness' initials and the number of the horse. The witness testified that he told plaintiff in error he wanted to bet on this horse in the sixth race and that the bet was placed to win. Blaul testified in corroboration of this evidence. He stated that plaintiff in error was seated at a writing desk and that he saw the transaction between Crosoli and plaintiff in error. He also identified the paper and cardboard sheets, or "hard sheets," which were admitted in evidence. It sufficiently appears from the evidence that Calome was a three-year-old race horse on which Crosoli was placing a bet with plaintiff in error for the sixth race of that day and that a horse of that name was entered in the sixth race at the Hawthorne track. This testimony is sufficient to show that plaintiff in error was keeper of this room and book. *Robbins* v. *People,* 95 Ill. 175; *Stevens* v. *People,* 67 id. 587.

It is argued that the exhibits offered in evidence, which consisted of four sheets of cardboard on which names and numbers, together with certain pencil inscriptions, were printed or written, were not evidence that plaintiff in error kept a book as contemplated by the statute; that in common acceptance a "book" is a bound volume, and that cardboards could not be considered as such. Webster's International Dictionary gives as one definition of a book, "a record of bets, especially a record of bets on horse races." The statute contemplates a book or device for the purpose of betting on contests of the character specified. There was sufficient evidence that plaintiff in error was making a book. The exhibits in evidence also indicated that other like bets had been registered. The evidence fully sustains the charge that plaintiff in error was keep-

ing a room and a book for registering bets or wagers on horse races and that he registered a bet on a certain horse named Calome, entered in the sixth race at Hawthorne track, for Crosoli.

Counsel for plaintiff in error also argue that there was no identification of the sheets or explanation of them and no evidence from which it could be determined the use to which they were being put, and that they were therefore ambiguous and meaningless. The testimony fairly tends to show that the notations made on one of the sheets by plaintiff in error at the time he took the two dollars from Crosoli were the recording of a bet of two dollars on the horse Calome. The other four exhibits carried the columns, descriptions, names and numbers commonly found on racing programs, and an examination of them convinces us, as no doubt the jury were convinced, that these cards and papers were being used in connection with the registering of bets.

It is finally argued by plaintiff in error that the evidence is insufficient, in that it failed to show that a bet was recorded upon an actual race. The information does not charge that plaintiff in error bet on a horse race but it charges him with keeping a room and book for the purpose of registering bets and wagers upon the result of a race. The record sufficiently shows that he was registering bets on a horse race, and it is immaterial whether that race was actually run, whether the horse was "scratched," or whether there ever was such a horse. He offered no explanation, as he did not testify.

We are of the opinion that there is sufficient evidence in the record to support the finding of the jury and that the Appellate Court did not err in affirming the judgment of the municipal court. The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*