(No. 39082.—

·THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MILDRED DAVIS *et al.,* Appellants.

*Opinion filed January 25, 1966.*

GETER AND GETER, of Chicago, (HOWARD D. GETER,
SR., HOWARD D. GETER, JR., and BENJAMIN C. DUSTER,
of counsel,) for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, and ELMER C. KISSANE and KENNETH L. GILLIS, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The defendants, four Chicago women, were charged in separate informations with the offense of gambling. They were tried on February 21, 1963, before a municipal court judge, and each was found guilty. They were each fined $200. They bring this appeal directly to this court, contending that their arrest was illegal and that the evidence was insufficient to prove they committed any crime.

The testimony shows that on February 6, 1963, two police officers were making a gambling investigation in one of the lower floor apartments of a hotel at 4041 South Ellis. They found nothing in that apartment, but as they were leaving they saw the defendants running down the fire escape throwing slips of paper into the air. Upon retrieving one of the slips they found it to be an "in and out" sheet for recording horse race bets. The officers thereupon ascended the fire escape and followed the women into an upper floor room, through an open French door. The room contained a table with chairs, four telephones and some scratch sheets. There were no beds, and none of the women lived there.

While the officers were there the telephones rang many times. When the police officers answered, the callers would name horses and figures. The women admitted that they had been working there. The officers placed them under arrest, charging each with being a keeper of a book for the purpose of registering bets on horse races, in violation of section 28—1 of the Criminal Code. Ill. Rev. Stat. 1961, chap. 38, par. 28—1.

Before trial the defendants moved to suppress the evidence. The motion was denied. They contend here that this was error, that at the time of arrest no crime was committed in the presence of the police officers and no crime had been committed of which the police had a right to suspect them of having committed. We cannot accept the argument. The search was not unreasonable if it was made as an incident to a lawful arrest, and an arrest without a warrant is lawful if a criminal offense has in fact been committed and the arresting officer has reasonable grounds for believing that the person in question has committed it. (Ill. Rev. Stat. 1961, chap. 38, par. 657; *People* v. *Pitts*, 26 Ill.2d 395.) There can be no doubt that an offense was committed here, and there was ample evidence to support a finding of reasonable grounds for a belief that defendants committed it. A determination of what constitutes such grounds in a given case depends upon the particular facts and circumstances; it must be made upon factual and practical considerations of everyday life upon which reasonable and prudent men act. *People* v. *Fiorito,* 19 Ill.2d 246.

In the case at bar defendants were observed throwing pieces of paper into the air which the police officers, on the basis of their experience with gambling paraphernalia, knew to be horse-race bet slips. The nature of these slips and the conduct of defendants in running down the fire escape were enough to create a reasonable belief that they were guilty, and justified the officers in following them and placing them under arrest. The evidence was obtained without violating any of defendants' constitutional rights, and they were not entitled to have it suppressed. See *People* v. *Harper,* 26 Ill.2d 85.

Defendants' second contention is that the evidence was insufficient to establish their guilt. The statute says that "A person commits gambling when he * * * uses or keeps any book, instrument or apparatus for the purpose of recording or registering bets or wagers * * *." (Ill. Rev.

Stat. 1961, chap. 38, par. 28—1(a)(5).) As we have previously noted, the defendants were attempting to dispose of slips of paper which were admittedly sheets for recording horse race bets. These slips were sufficient to constitute a "book" for the purpose of recording bets or wagers. (*Cf. People* v. *Semmler,* 345 Ill. 272, 276.) While it is true that there was no direct evidence that the defendants had actually made the notations upon the slips, we do not believe that proof of that fact was necessary to establish the guilt of the defendants. The conduct prohibited by the statute is the using or keeping of a book and it is undisputed that the slips of paper constituting the book were in the possession of the defendants. In our opinion the evidence was sufficient to establish the guilt of the defendants beyond a reasonable doubt.

The judgment of the trial court is affirmed.

*Judgment affirmed.*