THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* OSBORNE FRASER, Defendant-Appellee.

First District (1st Division)   No. 77-1785

Opinion filed June 26, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, Michael E. Shabat, and Larry J. Acker, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Osborne Fraser, was charged by complaint with gambling and keeping a gambling place. (Ill. Rev. Stat. 1977, ch. 38, pars. 28—1(a)(5), 28—3.) Prior to trial, defendant moved to suppress the evidence on which the charges were based on the ground that it was illegally obtained. The trial court granted the motion and the State has appealed (Ill. Rev. Stat. 1977, ch. 110A, par. 604(a)(1)), contending that the search was reasonable under the circumstances. Although the defendant has not

filed a brief in this court, the matter may be considered on the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.

Chicago police officer Michael Moloney testified he was assigned to the gambling section of the Vice Control Division. On January 19, 1977, an informant told him that an "unknown male Negro" was accepting horse wagers in an abandoned store in the 100 block of East 69th Street. The informant knew this because he had placed horse wagers with this man several times in the past week. Although the officer was not sure, he "believed" the informant had told him the most recent wager was made the day before, on January 18, 1977. This informant had given the officer information regarding gambling on four prior occasions. On each of these occasions the officer recovered gambling contraband. Two cases were still pending and two had been dismissed with leave to reinstate.

In order to gather additional information for a search warrant, Officer Moloney and his partner went to the 100 block of East 69th Street at approximately 1:30 p.m. that same day. The officers set up a surveillance in the alley behind the 100 block of 69th Street which runs between Indiana and Michigan Avenues. Moloney observed several people enter the alley and go into the fourth store off the alley, using the rear door. The store was boarded up in the front with one wooden door in the rear and it appeared to be abandoned. (The record does not show that any question was raised in the trial court concerning the legitimacy of defendant's presence on the premises, nor is there an issue raised on appeal in this regard.) Two of the people the officer observed entering the store by the rear door were carrying "scratch sheets" which they were looking at. One of them had money in his hand.

The officers attempted to get closer to the store to see if they could overhear anything. At this time two men exited the store from the rear door. One of them, observing the police officers who were then in the alley near the building, yelled "Police" in the direction of the interior of the store. The men then fled, leaving the door open. At this time Officer Moloney was not able to view the inside of the premises, but he entered the premises and observed defendant sitting at a table with "scratch sheets" and other writings on pieces of paper on the table in front of him. Office Moloney then arrested defendant.

■■■ The State contends that the search was reasonable under the circumstances, although the officer had not obtained a warrant. The trial court granted the motion to suppress on the ground that although there were exigent circumstances present after the occupants of the store were warned of the presence of the police, the police themselves "created" the exigent circumstances by their conduct. However, the existence of "exigent circumstances" is but one of the factors to be considered in

determining "reasonableness" since, as the State points out, the constitutionality of a search does not depend upon whether it was reasonable or practicable for the officer to obtain a search warrant, but upon whether the search was reasonable. *People v. Wright* (1968), 41 Ill. 2d 170, 242 N.E.2d 180; *People v. Campbell* (1977), 67 Ill. 2d 308, 319, 367 N.E.2d 949; see, however, *People v. Sanders* (3d Dist. 1978), 59 Ill. App. 3d 6, 9-11, 374 N.E.2d 1315.

■■ ■ The State contends that probable cause for the search was provided by the informant's information and the officer's subsequent corroboration of that information. In *People v. Wright* (1968), 41 Ill. 2d 170, 242 N.E.2d 180, where the police officers followed a course of investigation similar to that in this case, our supreme court said that the test of probable cause is whether a reasonable and prudent man, having the knowledge possessed by the officer at the time of the arrest, would believe the defendant committed the offense; in deciding such questions, courts are not disposed to be unduly technical. (41 Ill. 2d 170, 174.) The test of whether the informant was entitled to be believed is whether the information he had provided in the past was reliable, not simply whether it had resulted in convictions and the information here met that requirement. (*People v. Lawrence* (1971), 133 Ill. App. 2d 542, 273 N.E.2d 637.) In addition, Officer Moloney's investigation independently corroborated the information the informant had provided. *People v. Downing* (1976), 37 Ill. App. 3d 297, 302-03, 347 N.E.2d 848.

■■ As the officers were seeking additional corroboration of what the informant had told them preparatory to obtaining a search warrant, their presence was detected by persons leaving the premises, one of whom yelled "Police" toward the inside of the store. We believe the trial court's conclusion that the conduct of the police officers "created" this set of circumstances is contrary to the manifest weight of the evidence. The officers were following proper investigative procedures to confirm the hearsay information provided by the informant. Under the circumstances it was not unreasonable for the officers to interpret the cry of "Police" as a signal to those inside the store that the police were coming and that it was necessary to enter the premises to prevent the destruction of evidence. (Compare *United States v. Rubin* (3d Cir. 1973), 474 F.2d 262.) The officers had probable cause to believe that an offense was being committed inside the store and that it was defendant who was committing it; under the circumstances, the warrantless entry and search were not unreasonable. (*People v. McGowan* (1953), 415 Ill. 375, 380-81, 114 N.E.2d 407; *People v. Davis* (1966), 34 Ill. 2d 38, 40, 213 N.E.2d 531.) Therefore, the evidence which was seized incident to defendant's arrest was admissible and the trial court erred in granting defendant's motion to suppress. *People v. Wright* (1968), 41 Ill. 2d 170, 242 N.E.2d 180.

For the reasons stated, the order granting defendant's motion to suppress is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

GOLDBERG, P. J., and BUCKLEY, J., concur.