467 A.2d 888

**COMMONWEALTH of Pennsylvania**

v.

**Randy L. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1983.

Filed Nov. 10, 1983.

Petition for Allowance of Appeal Denied March 2, 1984.

---

William C. Dissinger, Marysville, for appellant.

R. Scott Cramer, Assistant District Attorney, New Bloomfield, for Commonwealth, appellee.

Before CERCONE, President Judge, and CIRILLO and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, Randy Smith, takes this appeal from the order of the trial court denying appellant's pre-trial motion to dismiss on double jeopardy grounds.[1] Appellant argues that the lower court erred in refusing this motion where

1. Appellant may appeal from the above order under Pa.R.App.Pro. 311(a)(5).

appellant's first trial, a non jury trial, was halted by the trial judge's *sua sponte* order directing the withdrawal of appellant's jury trial waiver. We find appellant's argument to be without merit and accordingly affirm the trial court's order dismissing appellant's pre-trial motions.

On November 2, 1982, appellant appeared in court and waived his right to a trial by jury, whereupon on November 7, 1982, appellant's trial commenced before the court sitting without jury. Attorneys for both the Commonwealth and the defense made their opening statements. The Commonwealth then called its first witness to the stand and began direct examination. It was during the testimony of this witness that the judge halted the proceedings and stated his intention to order the withdrawal of appellant's jury trial waiver. In relevant part, the record contains the following statements:

THE COURT: In any criminal proceeding a person accused of a crime has numerous rights, various rights, one of which is to a trial. Now a trial is normally a trial by jury but in some circumstances that trial by jury can be waived. Until about six weeks ago the Commonwealth had a right to a jury trial. It is extremely unfortunate in my opinion but nevertheless I'm not the Supreme Court. Accordingly, the Commonwealth in this case was precluded from asking for a jury trial. Defense attempted to waive the jury trial, I accepted that waiver, and I'll admit here and now that whenever a trial court is requested to waive a trial by jury that that frequently is looked upon favorably because jury trials are a lot more cumbersome and time consuming and difficult to manage than nonjury trials. However, there is a fundamental difference between a jury trial and a judge trial and that is that obviously there are twelve jurors that have to be convinced that the burden of proof has been carried beyond a reasonable doubt whereas in a judge trial only one person, that being the judge, needs be convinced. Now normally that's not much of a problem but—and this is where I think I perhaps owe all you folks a degree of an

apology. *I think I should have studied this case a little more and I think had I done that I would have probably recognized the names because I certainly recognize the faces of most everybody in the courtroom here today.* We've had a lot of experience with some of you folks, more than others and some not. I agree. *Now I frankly question my ability to be objective in this case and would feel better that the matter be submitted to a petit jury.* Accordingly, under Rule 1102 of the Rules of Criminal Procedure, I have the authority at any time prior to verdict to cause the withdrawal of the waiver of jury trial and direct trial by jury, and I think I'm disposed to do that. Do either counsel want to try to talk me out of it?

MR. CRAMER: The Commonwealth doesn't.

THE COURT: You wanted a jury trial all along, is that right?

MR. CRAMER: Yes, we did, Your Honor.

MR. DISSINGER: Your Honor, we're prepared to proceed today; however if it is your wish, and it certainly is within your discretion to cause the withdrawal of the waiver of a jury, we would then at that point request on behalf of Mr. Smith and Mr. Palmer a trial by jury. (emphasis added)

Thereupon, the court ordered a withdrawal of the waiver of jury trial and ordered the case to a new trial before a jury.

Appellant argues that the ordering of a new trial in this violates the constitutional prohibition against double jeopardy.[2] In support, appellant cites a decision by our Court in

---

**2.** The Commonwealth contends that appellant has waived his double jeopardy issue because defense counsel did not specifically object on double jeopardy grounds to the ordering of a mistrial. Our Supreme Court has ruled that the mere failure to state the reason for an objection or to make a correct specific objection cannot be viewed as a request for or a consent to a mistrial *Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976); *Commonwealth v. Baker,* 413 Pa. 105, 196 A.2d 382 (1964). In appellant's case, defense counsel did not consent to the mistrial but rather stated that the defense was ready to proceed and further stated that it was within the discretion of the trial judge to order the withdrawal of appellant's waiver of a jury trial.

*Commonwealth v. Culpepper*, 221 Pa.Superior Court 472, 293 A.2d 122 (1972). In *Culpepper*, the trial court, sitting without a jury, halted trial after a number of witnesses for the Commonwealth had finished testifying. The trial court indicated that it was of the opinion that certain credibility issues could better be resolved by a jury, and the court, over objection by defense counsel, ordered the withdrawal of appellant's waiver of jury trial and the court further directed that at later time a new trial should commence before a jury. The trial court gave as it authority for so ruling Pennsylvania Rule of Criminal Procedure 1102(b), which provides, then, as now:

> At any time prior to the commencement of trial the defendant may withdraw his waiver of a jury trial. Thereafter, at any time prior to verdict the trial judge on his own motion may order the withdrawal of such waiver or permit the defendant, upon motion, to withdraw his waiver.

In our opinion in *Culpepper*, we cited our Supreme Court's decision in *Commonwealth v. Ferguson*, 446 Pa. 24, 285 A.2d 189 (1971), wherein the Court held that subjecting a defendant to trial after a mistrial places the defendant in double jeopardy unless the original mistrial was the result of "manifest necessity" or was requested by the defendant under circumstances not attributal to prosecution or judicial overreaching. The *Ferguson* Court, in turn, relied upon the United States Supreme Court's opinion in *United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 548, 27 L.Ed.2d 543 (1971), which in part said:

> ... in the final analysis, a judge must always temper the decision whether or not to abort the trial by considering the importance to the defendant of being able, once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe is favorably disposed to his fate.

Because in *Culpepper* it was clear that jeopardy had attached to the accused at his first, non-jury trial, we noted that the only issue before us was whether the mistrial in

the defendant's case was the result of "manifest necessity". We pointed to the fact that case law provided that a judge is as competent to decide issues of credibility as is a jury, and for that reason we allow defendants to waive their right to trial by jury. As regarding the situation in *Culpepper*, we ruled that since there were doubts as to the manifest necessity of granting the mistrial at issue, these doubts must be resolved in favor of the defendant. As we wrote in *Culpepper:*

> In light of these recent decisions concerning the constitutionality of retrial after mistrial, it is apparent that Rule 1102, insofar as it relates to a trial judge on his own motion ordering the withdrawal of a defendant's waiver of jury trial, must be declared constitutionally invalid and of no force and effect. Rule 1102 contains no standards for a trial judge to use in determining whether a defendant's waiver of jury trial should be ordered withdrawn. Without such standards the Rule cannot form the basis for a judge's declaration of a mistrial upon his own motion.

221 Pa.Superior Court at 477, 293 A.2d at 124. (emphasis in original.)

Turning now to the case *sub judice*, we conclude that appellant's case is distinguishable from that in *Culpepper*, for unlike in *Culpepper*, in the instant case the trial judge ordered a mistrial not because of a creditability issue but because the judge candidly questioned his ability to be objective. As the United States Supreme Court wrote on double jeopardy in *Downum v. United States*, 372 U.S. 734, 736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d 100 (1963), "Discovery by the judge during a trial that a member or members of the jury were biased *pro* or *con* one side has been held to warrant discharge of the jury and direction of a new trial." In appellant's case, the trial judge sitting as the factfinder recognized that he had a bias and on that basis ruled a mistrial. In a situation such as this, a mistrial clearly was a "manifest necessity" and thus a new trial would not violate appellant's double jeopardy rights.

Accordingly, we affirm.