A95A1283. WILSON v. THE STATE.
(458 SE2d 486)

BLACKBURN, Judge.

The appellant, Kernie Gene Wilson, appeals from the trial court's denial of his plea of former jeopardy.

Wilson was indicted for the offenses of public indecency and use of fighting words, and a two-day jury trial on these offenses commenced on November 16, 1994. During trial, the victim testified that she was standing on her back porch when Wilson, a neighbor, started grunting, yelling, and shouting obscenities at her from his porch. He then unfastened his pants, exposed his penis, and yelled to the victim that she should "eat this," referring to his genitalia.

Wilson denied yelling at the victim, and in support of his defense, he presented the testimony of several character witnesses who all testified that they had never heard Wilson shout profanities at anyone or otherwise make a disturbance. After the close of the case for the defense and before the presentation of rebuttal witnesses for

the State, the trial court received a note from a juror concerning a possible conflict based upon his acquaintance with a defense witness. The trial court questioned the juror on the nature of his relationship with the witness, and the juror responded that he knew the defense witness very well, respected the witness, and would believe the witness's testimony over the testimony of any other witness under oath. He further stated that "my feelings tell me he wouldn't lie." The prosecution moved for a mistrial due to juror bias, and over the objection of defense counsel, the motion was granted.

The double jeopardy provisions of our state and federal constitutions recognize the right of the accused to have his trial proceed to an acquittal or a conviction before that tribunal once a jury has been sworn and impaneled. *Jones v. State*, 232 Ga. 324 (206 SE2d 481) (1974). "Once the jury has been impaneled and sworn, jeopardy attaches. However, where a mistrial is thereafter declared over the objection of a criminal defendant, a retrial is not barred where there is [a] manifest necessity for the declaration of a mistrial or the ends of public justice would be defeated by allowing the trial to continue. The trial court has as much authority to grant a mistrial where injustice is caused to the state as where injustice is caused to the defendant." (Citations and punctuation omitted.) *Moss v. State*, 200 Ga. App. 253, 254 (407 SE2d 477) (1991).

"A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb such ruling in the absence of a manifest abuse of that discretion which threatens the defendant's right to a fair trial. This is especially true when the grounds for the mistrial relate to jury prejudice, for the trial judge is in a peculiarly good position to observe the jurors, the witnesses and the attorneys in order to evaluate the extent of the prejudice." (Citations and punctuation omitted.) Id.

In this case, the motion for mistrial was predicated upon juror bias. The juror's response to the questions posed by the court clearly indicated his partiality, and "[i]t is settled that the duty of the judge in this event is to discharge the jury and direct a retrial." (Punctuation omitted.) *McCrary v. State*, 191 Ga. App. 336, 337 (381 SE2d 579) (1989). Wilson argues that the trial court abused its discretion in failing to examine other less drastic alternatives prior to its declaration of a mistrial. However, in *Jones*, supra, the Supreme Court recognized that a trial court's failure to examine alternatives short of mistrial is more likely to bar retrial in cases involving prosecutorial abuse than in the present case, where it is belatedly discovered that a member of the jury panel may be unable to perform his or her duty to impartially consider the case. "[A] possibility of juror bias, particularly where, as here, the juror has spent some time in the company of other members of the panel . . . is sufficiently detrimental to the im-

partiality of the fact-finding process to warrant the declaration of a mistrial rather than [any] less extensive remed[ies]." Id. at 333. In addition, defense counsel did not suggest any alternatives short of mistrial. Consequently, the trial court's failure to examine other alternatives is of no consequence.

Under these circumstances, there was a manifest necessity to declare a mistrial, and hence, we find no manifest abuse of discretion. See *Abdi v. State*, 249 Ga. 827 (294 SE2d 506) (1982). Consequently, the trial court did not err in denying Wilson's former jeopardy plea.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 11, 1995 —
RECONSIDERATION DENIED JUNE 6, 1995 —

*Glyndon C. Pruitt,* for appellant.
*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, Susan C. Devane, Assistant Solicitors,* for appellee.